1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   MALIBU MEDIA, LLC,                              No. C 15-04157 WHA

11              Plaintiff,

12        v.                                         **ORDER GRANTING *EX PARTE***
                                                     **MOTION FOR LEAVE TO**
13   JOHN DOE SUBSCRIBER ASSIGNED                    **SERVE THIRD-PARTY**
     IP ADDRESS 67.180.48.83,                        **SUBPOENA PRIOR TO**
14                                                   **RULE 26(f) CONFERENCE**
              Defendant.
15   _____/

16

17        Plaintiff, Malibu Media, LLC, alleges that it owns registered copyrights in various

18   pornographic films and that John Doe defendant directly infringed those copyrights by

19   distributing the films on the Internet, using the above-captioned IP address.  Malibu Media now

20   seeks leave to serve a subpoena on third party Comcast Cable Communications, LLC, in order

21   to ascertain the identity of the subscriber using that IP address prior to a Rule 26(f) conference.

22        Malibu Media's motion is hereby **GRANTED**.  This is without prejudice to any motions

23   to quash or modify the subpoena that may be filed by any interested party, including Comcast or

24   the subscriber assigned to the IP address.  Furthermore, the following limitations apply:

25        •    The subpoena shall only request the actual name and address of the
               subscriber to whom Comcast assigned the above-captioned IP address.

26        •    The subpoena shall only seek the name and address of the subscriber for
27             the time frame from **FOURTEEN DAYS BEFORE** the date of the first alleged
               infringing act to **FOURTEEN DAYS AFTER** the date of the last alleged
28             infringing act.

          •    Malibu Media shall attach a copy of this order to the subpoena.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

- Malibu Media may not use any information disclosed by Comcast for any purpose other than protecting its rights as set forth in the complaint.

- Comcast shall, in turn, serve a copy of the subpoena and a copy of this order on the subscriber within **TWENTY-FOUR DAYS** of the date of service on Comcast.

- The return date on the subpoena shall be no less than **FORTY-FIVE DAYS** from the date of service on Comcast.  Comcast shall not disclose any identifying information about defendant to Malibu Media prior to the return date or prior to the resolution of any motions to quash or modify the subpoena.

- Malibu Media shall not disclose defendant's name, address, telephone number, email, social media username, or any other identifying information, other than defendant's IP address, that it may subsequently learn.  All documents including defendant's identifying information, apart from his or her IP address, shall be filed under seal, with all such information redacted on the public docket, unless and until the Court orders otherwise and only after defendant has had an opportunity to challenge the disclosure of any identifying information.  Malibu Media explicitly consented to the inclusion of such a protection in its motion.

- In its proposed order (but not in its motion) Malibu Media also sought leave to serve subpoenas on "any service provider that is identified in response to a subpoena as a provider of Internet services to Defendant." Malibu Media must seek leave to serve subpoenas on any other service provider besides Comcast in this matter.

Any motions relating to the subpoena or the protective order discussed above shall be filed prior to the return date of the subpoena.

**IT IS SO ORDERED.**

Dated:   October 18, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2